# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAMUEL AVOLA,**
**DOREEN AVOLA,**

               **Plaintiffs,**

**-vs-**                                                        **Case No. 6:08-cv-327-Orl-18DAB**

**LAZY DAYS' R.V. CENTER, INC.,**
**MONACO COACH CORPORATION,**

               **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTIONS TO TRANSFER VENUE TO TAMPA DIVISION (Doc. Nos. 10, 11)**
>
> **FILED:** **March 31, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Defendants Monaco Coach Corporation and Lazy Days RV Center, Inc., moved to transfer venue from the Orlando Division to the Tampa Division (both of which are within the Middle District of Florida) based on a forum selection clause in the contract to purchase a recreational vehicle. Doc. No. 2 at 30. The clause reads: "Any and all actions of any kind brought by me or you relating to this sale or the product purchased must be filed exclusively in Hillsborough County. All proceedings, mediations, inspections, etc. relating to such an action will be conducted exclusively in this venue." Doc. No. 2 at 30 ¶ 15. Plaintiffs, residents of Orange County, are opposed to the transfer of venue.

Plaintiffs erroneously argue the standard for change of venue when a contractual forum selection clause is *not* at issue and a plaintiff has chosen the forum. However, contrary to Plaintiffs' arguments, the general rule is that contractual forum selection clauses are regularly enforced. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585 (1991). When a forum selection clause exists, the burden shifts to the party opposing the transfer to persuade the court that the "contractual forum is sufficiently inconvenient to justify retention of the dispute." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)

Pursuant to 28 U.S.C. 1404(a), a district court has authority to transfer an action to another division or district where it might have been brought for the convenience of parties and witnesses and for the interests of justice. *Thunder Marine, Inc. v. Brunswick Corp.*, 2006 WL 1877093, *4 (M.D. Fla. July 6, 2006). The Supreme Court states that the procedural vehicle of 28 U.S.C. § 1404(a) is appropriate for a motion to transfer venue based on a forum selection clause because it is sufficiently broad in that it allows district courts great discretion in making decisions on a case-by-case basis. *Id.* (citing *Ricoh Corp.*, 487 U.S. at 29). In so doing, a court may consider convenience, judicial efficiency, the plaintiff's choice of forum, and any forum selection clauses the parties agreed upon. *See id.* (citing *Ricoh Corp.*, 487 U.S. at 29-31). Federal law governs a district court's decision whether to give effect to a forum selection clause in diversity cases. *Ricoh*, 487 U.S. at 1299. Under the Middle District of Florida Rules, the Court may, within its discretion, transfer a case from one Division to any other Division for trial. Middle District of Florida Local Rule 1.02.

The Tampa Division of the Middle District has previously given effect to valid forum selection clauses in contracts involving Lazy Days RV Center, Inc. and Monaco Coach Corp. that designated the Tampa Division as the choice of venue using virtually identical language to the forum selection

clause of this case. *See, e.g., Coleman v. Lazy Days RV Center, Inc.*, 2006 WL 889736 (Mar. 31, 2006); *Chmura v. Monaco Coach Corp.,* 2005 WL 1705469, *1 (M.D. Fla. Jul.19, 2005). Moreover, the contract was signed in Hillsborough County, Plaintiffs traveled to Hillsborough County to purchase the recreational vehicle, the vehicle was serviced there, and Defendants' employees-witnesses are located there (Doc. No. 10-2), while Plaintiffs and their repair witnesses are located in Orlando (Doc. No. 12 at 12).

Plaintiffs must overcome a high burden to successfully oppose the enforcement of a forum selection clause. The Eleventh Circuit has delineated that a case must "present the type of 'exceptional' situation in which judicial enforcement of a contractual choice of forum clause would be improper." *In re Ricoh Corp.,* 870 F.2d 573, 574 (11th Cir. 1989). Among such exceptional circumstances would be "the presence of fraud, duress, misrepresentation, or other misconduct that would bar the clause's enforcement"; or "intervening and unexpected occurrences between the contract's formation and the filing of the suit, [so that] the contract's purpose would be frustrated [by enforcement of the clause]." *Id.* at 573-74.

Although Plaintiffs use the term misrepresentation, they have failed to allege anything more than that the forum selection clause was inconspicuous. Plaintiffs contend that the forum selection clause on the *back* page of a *two*-page form for a $520,497 purchase was not "conspicuous enough" to be binding. The forum selection clause is one of only 20 short paragraphs on the single page entitled, "Additional Terms and Conditions"; the section is entitled "APPLICABLE LAW, VENUE, AND FEES" in capital letters. Doc. No. 10-2 at 5-6. The forum selection clause in ¶ 15 was not inconspicuous for purposes of invalidating its effect. Nor was it an "exceptional circumstance" such that it should not be enforced under Eleventh Circuit precedent. The cases cited by Plaintiffs in

support of their position actually go against the outcome Plaintiffs seek and enforce the forum selection clause. *See, e.g.*, *Coleman v. Lazy Days RV Center, Inc.*, 2006 WL 889736 (Mar. 31, 2006); *Chmura v. Monaco Coach Corp.,* 2005 WL 1705469, \*1 (M.D. Fla. Jul.19, 2005). Accordingly, it is respectfully **RECOMMENDED** that Defendants' Motion to Transfer this case to the Tampa Division be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 21, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy